UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KELLY RAY HOLLIS III | CIVIL ACTION NO. 24-cv-866 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DEFENSE ADVANCED RESEARCH PROJECTS AGENCY | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Kelly Ray Hollis, III ("Plaintiff), who is self-represented, filed this civil action against the Defense Advanced Research Projects Agency ("DARPA").  He alleges that the agency subjected him to nonconsensual experiments that began during his military service and amounted to the severe intentional infliction of emotional distress.  Plaintiff prays for injunctive relief and $175,000,000 in damages.

The court previously issued an order that explained Plaintiff's obligation to complete service on a timely basis.  The court later issued a second order that pointed out flaws in Plaintiff's attempts at service, directed him to the proper rules for service, and extended the period to complete service.  Plaintiff has nonetheless failed to file evidence of proper service, so it is recommended that this civil action be dismissed without prejudice.

**Procedural History**

Plaintiff attached to his complaint a Standard Form 95, which Plaintiff apparently filed with DARPA to commence administrative proceedings on a claim under the Federal

Tort Claims Act ("FTCA"). Plaintiff alleges in his complaint that he "filed an FTCA" and received acknowledgment from the agency. Thus, Plaintiff appears to be asserting a claim under the FTCA.

Soon after Plaintiff filed this action, the court issued a memorandum order (Doc. 3) that explained Plaintiff's obligation to complete service and file evidence of service within 90 days of the filing of the complaint, which was September 25, 2024. Plaintiff was warned that failure to do so may result in dismissal of this civil action. He was also instructed that the rules for service on the United States or a government agency can be found at Federal Rule of Civil Procedure 4(i).

Plaintiff later filed a proof of service (Doc. 4) that indicated a summons was served on Vanessa Henry, Program Analyst with DARPA. Plaintiff then began requesting entry of default and a default judgment. His requests were denied.

The United States Attorney, on behalf of DARPA, filed a memorandum (Doc. 14) and pointed out that (1) the United States is the only proper defendant in an FTCA suit against a federal agency and (2) Federal Rule of Civil Procedure 4(i) states that to serve the United States a party must (a) deliver a copy of the summons and the complaint to the United States Attorney for the district where the action is brought by one of the methods allowed by the rule, (b) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C., and (c) send a copy of the summons and the complaint by registered or certified mail to the agency at issue, which is DARPA.

The court pointed out that Plaintiff's complaint names only the agency, DARPA, and not the United States. The court also noted that the only service efforts have been purported service on DARPA, but not by registered or certified mail. There is no evidence of compliance with the other requirements of Rule 4.

The court exercised its discretion to extend the period allowed for service under Rule 4(m) until November 22, 2024. The court advised Plaintiff that he should take that final opportunity to consider filing an amended complaint that properly names the United States as the defendant. He was told that he must, by the November 22 deadline, file evidence of proper service of the original complaint and any amended complaint in compliance with Rule 4(i). The court warned: "Failure to timely file evidence of proper service may lead to dismissal of this civil action." Doc. 20.

**Analysis**

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "Even if the plaintiff lacks good cause, the court has discretion to extend the time for service." Thrasher v. City of Amarillo, 709 F.3rd 509, 510 (5th Cir. 2013).

The court warned Plaintiff of his Rule 4(m) obligation early in the case and advised him of the original deadline for completion of service. When Plaintiff's efforts at service were noted to be deficient, the court issued an order that pointed this out, gave suggestions

on how to properly serve the complaint, and exercised its discretion to grant almost two additional months for Plaintiff to complete service. Plaintiff was warned that failure to timely file evidence of proper service could lead to dismissal of this civil action, but the record contains no indication that Plaintiff has taken any steps to complete service or otherwise comply with the court's order. Dismissal without prejudice is warranted under these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to make timely service.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of December, 2024.

Mark L. Hornsby
U.S. Magistrate Judge